WILLIAM SMITH, APPELLANT, V. HENRY ATKINS ET AL., APPELLEES.

[FILED JULY 11, 1889.]

1. **Mortgage:** CONSIDERATION. In an action in equity to cancel a note and mortgage upon the ground that they had been given to indemnify the mortgagee as surety on an appeal bond, and that the surety had been required to pay nothing thereon, the defendant answered by cross-petition praying for the foreclosure of the mortgage, and a decree was rendered in his favor for the amount claimed. It appeared from the evidence that $90 had been included in the note and mortgage to indemnify the mortgagee against possible damages in signing an appeal bond, and that he had suffered no loss thereby. *Held,* That the decree should be reduced $90 with 12 per cent interest thereon, that being the rate allowed in the decree.

2. **Evidence.** *Held,* That the proof failed to show that the plaintiff was entitled to protection as a *bona fide* purchaser of the note before maturity.

APPEAL from the district court for Lancaster county. Heard below before CHAPMAN, J.

*Harwood, Ames & Kelly,* for appellants, cited: Jones on Mortgages, vol. 2, sec. 1431; *Wheeler v. Van Kuren,* 1 Barb. Ch., 490; *Tower v. White,* 10 Paige, 395; *McKernan v. Neff,* 43 Ind., 503.

*D. G. Courtnay,* for appellee, cited: *Atkinson v. Brooks,* 26 Vt., 574; *Dixon v. Dixon,* 31 Id., 450; *Quinn v. Hard,*

43 Id., 375; *Russell v. Splater*, 47 Id., 273; *Tarbell v. Sturtevant*, 26 Id., 513.

MAXWELL, J.

This action was brought by the plaintiff against the defendants to cancel and declare void a certain note and mortgage upon real estate, executed by the plaintiff to Henry Atkins and by him delivered to Irene Atkins. To this petition Henry Atkins filed an answer, in which he disclaims any interest in the premises. Irene filed an answer in the nature of a cross-bill, in which she alleges that "on the 11th day of January, 1879, the said William H. Smith, and Emeline Smith, his wife, executed and delivered to one Henry Atkins a certain promissory note in words and figures following:

"LINCOLN, January 11, 1879.

"Six months after date, for value received, we promise to pay to the order of Henry Atkins $615, at Lincoln, with interest at 12 per cent per annum from date until paid, with a sum equal to 10 per cent of said amount as attorney's fees if action is brought on the note, or on the mortgage given to secure the same, or if the same is not paid when due.         WILLIAM H. SMITH.

"$615.   Due, ———.         EMELINE SMITH."

Endorsed: "Paid by note, $10, to apply on the within. Henry Atkins, July the 8th, 1884."

Then follows an allegation that on the same day Smith and wife executed a mortgage upon the real estate in controversy to secure said note, and failed to pay the same, and praying for a decree of foreclosure and sale. The defendants allege that "on or about the 11th day of March, 1879, for a valuable consideration, Henry Atkins, the mortgagee, assigned said note and mortgage, and the moneys due thereon, to the said Irene Atkins, defendant herein,

and prior to the day on which said note and mortgage became due; that she has paid the following taxes on said property in question, to-wit, for the year 1878, $11.35; and for the year 1879, $13.45; total, $24.80, with interest at 10 per cent per annum.

"There is now due and remaining unpaid from the said William H. and Emeline Smith to this defendant, Irene Atkins, on account of said note and mortgage, and the taxes pa'd on said property, the sum of $24.80, with interest at 10 per cent from March 1st, 1880, to entering of this decree."

The court below found the issues in favor of Irene Atkins and entered a decree of foreclosure in her favor. The plaintiff, in his testimony, contends that the note and mortgage were given to indemnify Henry Atkins against possible loss from signing an appeal bond for the sum of $90 and for nothing else; and that he sustained no loss in consequence of signing the same. It is evident, however, that he is mistaken as to the consideration, and that other matters were taken into the account. Smith's testimony is vague, indefinite, and too uncertain, in most respects, to found a decree upon, and wholly fails to impeach the note and mortgage, except as to $90 and interest thereon, which $90 Atkins admits were included in the note and mortgage as indemnity for signing an appeal bond, and that he has suffered no loss by said appeal. The plaintiff, therefore, is entitled to a modification of the decree by deducting therefrom $90 with 12 per cent interest thereon, 12 per cent being the rate of interest allowed in the decree.

It is claimed that Irene Atkins is entitled to protection as an innocent purchaser of the note before due, but the proof fails to establish that claim. She testifies in effect that she held a note of Henry Atkins for $2,500; that Henry transferred to her the note and mortgage in question and that she endorsed the amount thereof on Henry's note. Whether this of itself would constitute her a *bona fide* pur-

chaser we need not stop to inquire, as it is evident from other evidence in the case that Henry Atkins treated the note and mortgage as his own as late as 1884. We do not care to comment on the attempted transfer in this case where the entire consideration had not been paid, but a purchaser, to be protected, must be without notice, and the consideration actually paid. The testimony fails to show that Irene Atkins occupies this position.

The note and mortgage in question are subject to the equities between the parties and the decree will be reduced as here indicated.

DECREE ACCORDINGLY.

THE other Judges concur.